UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Cassetica Software, Inc.<br><br>                 Plaintiff,<br><br>v.<br><br>Computer Sciences Corporation,<br><br>                 Defendant. | No. 11-cv-2187<br><br><br><br>JURY DEMANDED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1. Cassetica brings this action for copyright infringement against Computer Sciences Corporation ("CSC") based upon CSC's employees downloading and copying of software code owned by Cassetica. The software code was written by Cassetica's owner, Tony D'Angelo, and is owned by Cassetica pursuant to operation of the Copyright Act's work for hire doctrine, 17 U.S.C. § 101, *et seq.*

2. Without authorization from Cassetica, CSC's employees, acting as agents within the scope of their agency, have copied Cassetica's software code. In doing so, CSC employees have directly infringed Cassetica's copyright in the source code and CSC is vicariously liable for these infringements.

Parties

3. Cassetica is an Illinois corporation. Its principal place of business is in Chicago, Illinois.

4. Defendant Computer Sciences Corporation is a Delaware corporation. Its principal place of business is in Virginia.

Grounds For Jurisdiction And Venue

5. This action seeks relief for violations of federal copyright laws. Sections 1331 and 1338 of Title 28 of the United States Code, and the Copyright Act, 17 U.S.C. § 101, *et seq.*, provide the basis for this Court's subject matter jurisdiction.

6. A substantial part of the events giving rise to the claim – namely the copying of software source code owned by a local business – occurred here. Consequently, Title 28, Section 1391 provides the basis for venue in this district.

7. This Court has personal jurisdiction over the defendant based on its tortious conduct directed at this forum and, upon information and belief, that it conducts business in Illinois and has a continuous and systematic presence in Illinois.

Infringement

8. Tony D'Angelo is the sole shareholder of Cassetica Software, Inc. and its president. Cassetica is a local software company based in Chicago. Cassetica is in the business of developing, marketing, and licensing the use of its software.

9. Among Cassetica's numerous software offerings are companion programs to IBM's popular Lotus Notes software. Various versions, sometimes called "NotesMedic," "NotesMedic Pro," and "NotesMedic ToolKit," (all named versions, with and without version-identifying numbers in the name – *e.g.*, "NotesMedic ToolKit 7," are referred to here as "NotesMedic" unless further specificity is required) are designed to fix well-known problems that some users have with Lotus Notes. NotesMedic is desktop software consisting of a suite of tools which, among other things, enhances the performance of Lotus Notes software program and cleans up Lotus Notes software "crashes."

10. For more than ten years, Cassetica designed and implemented versions of the NotesMedic software. Cassetica owns copyrights in all versions of the software made available by Cassetica since 2000. These rights include rights for the NotesMedic version released for public use and purchase in April 2009 (registered with the title "NotesMedic Toolkit"), and the version registered under the title "NotesMedic Toolkit 7," released for public use and purchase in June 2010. Cassetica has registered the source code for multiple versions of the Software with the United States Copyright Office, including NotesMedic Toolkit and NotesMedic Toolkit 7.

11. NotesMedic contains large amounts of material original to Cassetica and is thus copyrightable subject matter under the United States copyright laws.

12. As part of his work for Cassetica, D'Angelo wrote the software code for the NotesMedic programs. By operation of the Copyright Act's work-for-hire doctrine, the copyright in code that D'Angelo wrote for NotesMedic is owned by Cassetica.

13. Cassetica markets its NotesMedic software and offers it to the public for use under various licenses through its web site at www.casseticasoftware.com.

14. Cassetica offers three different types of licenses for NotesMedic: (a) an "individual license;" (b) an "Enterprise License;" and (c) a "Global License."

15. An individual license is a free license to a home user to download NotesMedic "EXCLUSIVELY FOR YOUR HOME USE."

16. An Enterprise License is a fee-based grant to a business for a nonexclusive, nontransferable license to download and use NotesMedic for all employees of a single, legal, corporate entity.

17. A Global License is a fee-based grant to a family of businesses (parents, sisters, and children/subsidiaries) for a nonexclusive, nontransferable license for all employees in a corporate family to download and use a specific version of NotesMedic.

18. In addition to the software license for NotesMedic, Cassetica also offers a maintenance package which entitles a user to technical support and free upgrades to new versions of NotesMedic for an annual fee.

19. NotesMedic is one of Cassetica's most valuable software programs, estimated to be worth millions of dollars. It is among Cassetica's most valuable assets.

20. Since its first release, Cassetica has licensed its rights to numerous companies.

<u>Prior History Between Cassetica and CSC</u>

21. In 2002, Cassetica and CSC agreed to an Enterprise License for the then-current version of NotesMedic. They did not, however, enter a maintenance agreement.

3

22. During the term of the license, CSC employees downloaded and used the licensed version of NotesMedic.

23. CSC employees not only downloaded the version of NotesMedic licensed under the Enterprise License Agreement, they also continued to download copies of later-released versions of NotesMedic, which were not licensed to CSC.

24. CSC employees have downloaded each new version of NotesMedic published by Cassetica since the version licensed by CSC. The illegal downloading and copying was not limited to CSC employees but also included employees of CSC-affiliated companies.

25. CSC employees have downloaded versions of NotesMedic for which Cassetica has copyrights and for which it has registered these works with the United States Copyright office. These include two most recent versions, released and published on its web site on April 5, 2009, and June 30, 2010 (registered with the Copyright Office under the titles "NotesMedic Toolkit" and "NotesMedic Toolkit 7").

26. CSC employees have also downloaded versions of NotesMedic for which Cassetica has copyrights and for which it has also registered these works with the United States Copyright Office. These registered versions include NotesMedic versions 6 and 7, which have Copyright registration numbers TX-7038115 and TX-7274837, respectively.

27. In January 2009, Cassetica sued CSC for copyright infringement based upon CSC's copying versions of NotesMedic that were not subject to the parties' prior license. That lawsuit asserted copyright infringement and common-law causes of action, as well as a claim under the Computer Fraud and Abuse Act.

28. With respect to the copyright infringement claims, Cassetica claimed *only* statutory damages (*i.e.*, not *actual* damages) based on copying of the version of NotesMedic that was registered with the Copyright Office in 2007, which registration occurred before the date that the complaint was filed.

29. The Court dismissed all of Cassetica's claims on a motion to dismiss on June 18, 2009. Regarding the copyright infringement claims, the Court relied on a line of cases that hold that when infringement begins *before* a registration issues and continues after the registration, no *statutory* damages can be awarded. Cassetica did not appeal that dismissal.

30. The Court did not rule upon the availability of actual damages because the complaint in that case did not seek compensation for the actual damages that Cassetica suffered by CSC's illegal copying. The Court also did not rule upon any issues regarding versions of NotesMedic that had not yet been created, published, and registered with the Copyright Office. Those versions were also not before that Court.

31. Versions 6 and 7 of Notes Medic had not been published and registered with the Copyright Office at the time that the lawsuit, noted in paragraphs 27 to 30, was filed.

32. Since the time the earlier case was dismissed, CSC employees have continued unauthorized copying and downloading of versions of NotesMedic, including versions 6 and 7. The CSC employees who have downloaded and thus illegally copied the software code for unlicensed versions of NotesMedic, including NotesMedic 6 and 7, have included employees self-identifying as administrators and systems administrators for CSC.

33. Because CSC employees continued to download and copy NotesMedic software, including versions 6 and 7, without a license to do so, Cassetica contacted CSC's attorneys to discuss resolution of the problem of CSC's continued illegal downloads and copying. Cassetica and CSC have not been able to resolve this issue. Illegal copying continues.

34. CSC and its attorneys know that Cassetica owns the copyrights in the source code for all versions of NotesMedic. CSC and its attorneys also know that CSC does not have a license to download versions 6 and 7 of NotesMedic. CSC and its attorneys know that downloading NotesMedic for other than personal, at-home, use requires the purchase of a license.

35. Despite this knowledge, since June 18, 2009, CSC's numerous agents, acting within the scope of their agency, have downloaded (and thus copied) Cassetica's copyrighted source code for NotesMedic, including versions 6 and 7, without a license to do so. This has happened hundreds of times.

36. CSC financially benefits from the illegal downloads at least as a result of the increased productivity of its employees from use of the NotesMedic software. CSC also financially benefits from the illegal downloads by avoiding payment for a legitimate license to use the NotesMedic software.

37. CSC has the right and ability to stop its employees from illegally downloading the NotesMedic software but has failed to do so.

## Claims For Relief

### Count I

38. Cassetica incorporates by reference paragraphs 1-37 in this paragraph.

39. Cassetica owns the valid and enforceable copyrights in the source code for the version of NotesMedic software, entitled "NotesMedic Toolkit 7."

40. Cassetica has registered NotesMedic Toolkit 7 with the United States Copyright Office. The Copyright Office assigned this work the registration number TX-7274837.

41. Defendant CSC's employees have directly infringed Cassetica's copyrights by downloading (and thus copying) the software code for NotesMedic Toolkit 7 in violation of 17 U.S.C. § 106.

42. Defendant CSC is vicariously liable for the direct infringement by each of its employees.

43. Defendant CSC's infringement of Cassetica's copyright was willful.

44. Cassetica is entitled to injunctive relief, actual damages, and profits attributable to CSC's infringement. As an alternative to actual damages and profits, Cassetica is entitled to an award of statutory damages, enhanced for CSC's willfulness.

Count II

45. Cassetica incorporates by reference paragraphs 1-37 in this paragraph.

46. Cassetica owns the valid and enforceable copyrights in the source code for a version of NotesMedic software, entitled "NotesMedic Toolkit."

47. Cassetica has registered NotesMedic Toolkit with the United States Copyright Office. The Copyright Office assigned this work the registration number TX-7038115.

48. Defendant CSC's employees have directly infringed Cassetica's copyrights by downloading (and thus copying) the software code for NotesMedic Toolkit in violation of 17 U.S.C. § 106.

49. Defendant CSC is vicariously liable for the direct infringement by each of its employees.

50. Defendant CSC's infringement of Cassetica's copyright was willful.

51. Cassetica is entitled to injunctive relief, actual damages, and profits attributable to CSC's infringement. As an alternative to actual damages and profits, Cassetica is entitled to an award of statutory damages, enhanced for CSC's willfulness.

Demand for Relief

Cassetica requests judgment against CSC that:

1. Permanently enjoins CSC from downloading and otherwise copying Cassetica's copyrighted software code;

2. Awards Cassetica its actual damages and profits attributable to CSC's infringement, or, alternatively, awards Cassetica an amount of statutory damages, enhanced for CSC's willfulness;

3. Awards Cassetica its costs and expenses incurred as a result of this lawsuit, as well as reasonable attorneys' fees;

4. Awards such other relief as this Court deems proper under the circumstances.

<u>Demand for Jury</u>

Cassetica requests trial by jury on all of its claims.

                                        Respectfully submitted on March 30, 2011,

                                        /s/ William W. Flachsbart
                                        William W. Flachsbart
                                        wwf@fg-law.com
                                        Michael R. La Porte
                                        mrl@fg-law.com
                                        Flachsbart & Greenspoon, LLC
                                        333 N. Michigan Ave., Suite 2700
                                        Chicago, IL 60601-3901
                                        Phone: (312)-551-9500
                                        Fax: (312)-551-9500

                                        Attorneys for Plaintiff,
                                        Cassetica Software, Inc.