UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Cassetica Software, Inc.<br>                   Plaintiff,<br><br>v.<br><br>Computer Sciences Corporation,<br>                   Defendant. | No. 11-cv-2187<br><br>The Hon. Harry D. Leinenweber<br><br>JURY DEMANDED |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

In response to Cassetica's claim for copyright infringement, which seeks to hold Computer Sciences Corporation ("CSC") vicariously-liable for the intentional infringement of its employees under the *Grokster* case, CSC has employed the proverbial kitchen-sink approach of asserting defenses. With the exception of one of these defenses, they merely state legal theories and are devoid of any factual allegations. In response to Cassetica's motion to strike, CSC purports to clarify what it supposedly intended to plead, but this attempt is legally insufficient to stave off a motion to strike and in many cases does not clarify anything at all. For the reasons stated below, each of CSC's defenses should be stricken.

In its opening brief in support of its motion to strike, Cassetica showed that courts evaluating motions to strike affirmative defenses apply a three-part test to determine the sufficiency of those defenses. To survive a motion to strike, the defenses must: (1) be affirmative defenses (rather than, for example, simple denials of the allegations of the complaint); (2) be properly pleaded under Rule 8 and, if applicable, Rule 9; and (3) must sufficiently "state a defense" as a matter of law – in other words, must survive a Rule 12(b)(6) motion. If the pleaded defenses do not satisfy each of these criteria, they are subject to being stricken. CSC does not dispute that this is the correct standard, but merely notes that when grounds exist, whether to strike remains in this Court's discretion. While CSC also notes that such motions are "disfavored" when they are interposed for

purposes of delay, the Seventh Circuit has noted that when "motions to strike remove unnecessary clutter from they case, they serve to expedite, not delay." *See Heller Fin Inc v. Midwhey Powder, Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

In its motion, Cassetica challenged CSC's affirmative defenses 1 and 8 on the first ground. Cassetica challenged every one of CSC's affirmative defenses on the second ground. Finally, Cassetica challenged CSC's affirmative defenses 2, 3, 4, and 7 on the third ground. As in *Heller*, striking all of CSC's affirmative defenses is appropriate in this case as it will remove unnecessary clutter.

### A. CSCs "Defenses" 1 and 8 Should Be Stricken Because They are Not "Affirmative Defenses."

*1. "Failure to State a Claim" Is Not a Proper Affirmative Defense.*

CSC's assertions that Cassetica has not stated a claim for relief and has not suffered any actual damages are not proper affirmative defenses and should be stricken. An affirmative defense is an "admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Bd. of Governors of Wayne State Univ. v. Bajkowski*, No. 86 C 709, 1987 U.S. Dist. LEXIS 5626, 1987 WL 12911, at *1 (N.D. Ill. June 19, 1987) (Leinenweber, J.)."An affirmative defense stating that a complaint 'fails to state a claim' is an anomaly." *Brizendine v. United States Gypsum Co.*, No. 91 C 6754, 1992 U.S. Dist. Lexis 9233 at *1 (N.D. Ill. June 24, 1992) (Leinenweber, J.) (quoting *Vining v. Sure Plus Mfg. Co.*, No. 91 C 5382, 1991 U.S. Dist. Lexis 19621 (N.D.Ill. Dec. 18, 1991)). While Cassetica is mindful that certain judges in this Court have permitted this "defense" to proceed, this Court has not. *Id.* Further, not only has CSC failed to note this controlling authority, but nothing in CSC's response brief has provided any justification for this Court to depart from its prior rulings. Thus, this "defense" should be stricken.

CSC argues in support of this "defense" that (1) it would be prejudiced by dismissal because it would be "waived if not properly asserted" (Resp. at 6), and that the proper inquiry for a motion

to strike is to focus on prejudice to Cassetica, not prejudice to CSC. This first argument is circular. If such a "defense" were proper, then striking a well-pleaded defense would be prejudicial. But because it is not a "defense," there is no prejudice. Further, as a practical matter, striking it is not actually prejudicial to CSC. Striking it would not preclude CSC from seeking the relief that the "defense" supposedly affords. With or without it, CSC could move to dismiss under Rule 12(c), move for summary judgment under Rule 56, and move for judgment as a matter of law under Rule 50. Thus, CSC is not limited in any way in asking this Court for relief similar to a Rule 12(b)(6) "defense." Moreover, since it does not allege any affirmative matters, the discovery to which CSC would be entitled would not change in any way, without or without it.

      *2.  Lack of Damages Is Not a Proper Affirmative Defense.*

  CSC's "defense" 8, which claims that Cassetica has not suffered any damages, is similarly deficient. CSC does not allege any affirmative matter that would preclude relief to Cassetica on its copyright claims. Instead, it simply denies an allegation in Cassetica's complaint. Further, there is nothing "inconsistent" or "nonsensical," as CSC claims, about stating that a cause of action for infringement of a registered copyright does not require proof of damages, on the one hand, and alleging actual damages, on the other hand. *See Flava Works, Inc. v. Wyche*, No. 10 CV 0748 (N.D.Ill. June 28, 2010) (available at http://scholar.google.com/scholar_case?case=3662378019283372733 (visited July 28, 2010) (a plaintiff seeking statutory damages "need not offer any proof of actual damages.") (citing *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, Nos. 03 C 5311, 03 C 4844, 2008 U.S. Dist. LEXIS 31761, 2008 WL 1775512, at *3 (N.D. Ill. Apr. 17, 2008)). In fact, Cassetica is entitled to plead and prove actual damages and may elect later which method of damages is most beneficial to it. *See* 17 U.S.C. § 504(c)(1). CSC does not dispute this legal proposition. Finally, contrary to CSC's assertion, Cassetica does not "admit" that "lack of damages might constitute a 'defense' to its copyright infringement claims." (Resp. at 6, citing Cassetica's Br. at 12-13)). For these reasons, CSC's so-called defense of no damages should be stricken.

### B. Defendant Fails to Comply with the Pleading Standards of Rules 8 and 9.

#### 1. Twombly *and* Iqbal *Raised the Pleading Standards for Affirmative Defenses.*

Affirmative defenses are pleadings and must therefore comply with all pleading requirements under the Federal Rules of Civil Procedure. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 8(a) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although this "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). As Cassetica showed in its opening brief, a party has never been able to rely on mere conclusions. The two recent Supreme Court cases have elevated the standard and also required that parties allege "sufficient factual matter . . . [showing that] relief is plausible on its face." *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555-56. Regardless of the new plausible-on-its-face standard, "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" have been and continue to be insufficient. *Iqbal*, 129 S.Ct. at 1949 (citations omitted); *see also Twombly*, 550 U.S. at 555.

In its response brief, CSC has argued that *Twombly* and *Iqbal* should not apply to affirmative defenses. In making this argument, CSC relies on a single decision from another judge in this Court but fails to cite the numerous others that hold to the contrary. The weight and trend of authority is clearly toward accepting that *Twombly* and *Iqbal* are applicable to the pleading of affirmative defenses. Further, the rationale offered for rejecting *Twombly* and *Iqbal* in the context of affirmative defenses is not persuasive.

While CSC relies on a single case from one judge in this Court, it ignores and fails to cite numerous decisions that hold against it. As of this filing, the following cases have been decided in this Court and had applied *Twombly* and *Iqbal* to the pleading of affirmative defenses:

4

- *Massenberg v. A&R. Sec. Servs., Inc.*, 10 C 7187, 2011 U.S. Dist. Lexis 77451 (N.D. Ill. July 18, 2011)(Holderman, C.J.);
- *Palomares v. Second Fed. S&L Ass'n of Chicago,* 10-cv-6124, 2011 U.S. Dist. Lexis 56949 (N.D. Ill. May 25, 2011) (Johnson Coleman, J.)
- *State Farm Fire & Cas. Co. v. Electrolux Home Products, Inc.*, 2011 U.S. Dist. Lexis 3674, 1-2 (N.D.Ill. Jan. 14, 2011)(St. Eve, J.);
- *Kimbrew v. Advocate Health and Hospitals Corp.*, 2010 U.S. Dist. Lexis 136330, 1 (N.D.Ill. Dec. 8, 2010)(Hibbler, J.); *see also Groupon, Inc. v. MobGob , LLC*, 2011 U.S. Dist. Lexis 56937 (Hibbler, J.);
- *On Command Video Corp. v. Roti*, No. 09 C 3130, 2010 U.S. Dist. LEXIS 42715, 4 (N.D.Ill. Apr. 30, 2010)(Gettleman, J.);
- *Bank of Montreal v. SK Foods*, LLC, No. 09 C 3479, 2009 U.S. Dist. LEXIS 106577, 3 (N.D.Ill. Nov. 13, 2009)(Gottschall, J.) and
- *FDIC v. Republic Title Co.,* No. 10 C 6242 at *17-18, 2011 U.S. Dist. Lexis 42622 (N.D. Ill. April 20, 2011)(Soat Brown, M.J.) (striking an affirmative defense and *citing Brooks v. Ross,* 578 F.3d 574, 580-81 (7th Cir. 2009) and noting parenthetically its discussion of *Twombly* and *Iqbal*).

Further, other judges within the Seventh Circuit have reached similar conclusions:

- *OSF Healthcare System v. Banno*, 2010 WL 431963 *2 (C.D. Ill. Jan. 29, 2010);
- *Carretta v. May Trucking Co.*, 2010 WL 1139099 *2 (S.D. Ill. Mar. 19, 2010); and
- *In re Mission Bay Ski & Bike, Inc.*, 2009 WL 2913438 *6 (Bankr. N.D. Ill. Sept. 9, 2009).

While ignoring these decisions, CSC instead relies on a single decision, *Leon v. Jacobson Transport*, in which Judge Marovich declined to extend them to affirmative defenses. The rationales offered for limiting *Twombly* and *Iqbal*, however, are not persuasive. First, Judge Marovich claimed that there was little chance that defendants would state "nuisance" affirmative defenses. It is difficult to understand the basis for this observation, as Judge Marovich did not state whether it was based on anecdotal experience or a scientific study. But if this case is any indication, there is certainly as likely a risk of nuisance defenses as there are of nuisance complaints, which are subject to higher pleading standards.

Second, Judge Marovich noted that defendants have only 20 days to file a response and thus ought to be afforded leeway in stating affirmative defenses without support or detail. This reason rings hollow, especially in a case like this, where: (a) CSC not only requested and got a 30-day extension to file its answer, affirmative defenses, and counterclaims, but (b) has been involved in a

5

multi-year letter-writing campaign with Cassetica here. *See* Answer at ¶ 33. CSC can hardly be characterized as surprised or under-the-gun in crafting theories as affirmative defenses. A shortage of time cannot be a justification for allowing defendants to plead factually-unsupported defenses.

Third, Judge Marovich cited a disinclination to rule on motions to amend that may arise because "defendant has no practical way of investigating before discovery" and motions for discovery based on unpleaded affirmative defenses *Id.* at 3–4. Initially, it is difficult to conceive of scope-of-discovery disputes based on things that are not pleaded; at least not any disputes that would not arise anyway. Plaintiffs cannot take discovery on theories or facts that are not reasonably calculated to lead to the discovery of admissible evidence. Neither CSC nor Judge Marovich offer an explanation as to why Defendants ought to be able to take such discovery simply by pleading conclusory affirmative defenses for which a defendant has no basis in fact. This seems a license for defendants to ignore Rule 11, take discovery on theories for which there is no support, and find out later whether there is any factual support. The federal rules don't permit this. Further, plaintiffs file Rule 11–compliant pleadings before getting *any* discovery and must comply with *Twombly* and *Iqbal*. It is unclear what principle makes defendants uniquely privileged to enjoy loosened requirements. Because none of the rationales offered by Judge Marovich in the outlier *Leon* case stand up to scrutiny, it ought to be disregarded in favor of the clear weight of authority holding otherwise.

    2.    *All of CSC's Affirmative Defenses Fail Both the* Twombly/Iqbal *and pre-*Twombly/Iqbal *Pleading Requirements.*

In support of its motion, Cassetica argued that CSC's defenses failed to satisfy Rule 8 under both a pre- and post-*Twombly/Iqbal* analysis. In its response, CSC has only argued that *Twombly/Iqbal* should not apply to affirmative defenses and that *ipso facto*, Cassetica's motion should be denied. It has not argued that its pleadings themselves actually meet Rule 8's "fair notice" standard. Cassetica noted in its opening brief that bald references to legal doctrines or statutory provisions do not meet the "fair notice" standard of Rule 8, regardless of the applicability of *Twombly/Iqbal. See* Br. At 6; *see*

6

*also, e.g. Renaldo v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 803 (N.D. Ill. 2000) (Alesia, J.) (striking affirmative defenses as "insufficient on their face because they are *bare-bones conclusory allegations, simply naming legal theories* without indicating how they are connected to the case at hand") (emphasis added). CSC failed to respond to this argument completely. Instead, CSC makes two other arguments in response. First, it claims that the pleadings as a whole give Cassetica notice of what its defenses are. Second, it claims that the actual standard for granting a 12(f) motion is a showing of prejudice to the plaintiff. As explained below, CSC is mistaken on both counts.

CSC claims that its affirmative defenses provide "fair notice" on the basis of a claim that the defenses should be construed to incorporate the allegations of CSC's counterclaims even though they do not actually incorporate those allegations. *See* Resp. at 2. In its response, CSC claims notice is provided because all of the factual predicates to its defenses are set forth "in both Cassetica's complaint, or CSC's answer and counterclaims." Resp. at 4. But this after-the-fact attempt to amend what was actually pleaded does not defeat this motion. *See Reimer v. Chase Bank USA, N.A.*, No. 10 C 6150 (N.D. Ill. May 25, 2001) (slip op. at 6) ("when the gist of a party's affirmative defense does not become apparent until its response to a motion to strike the defense, that defense is insufficient."). Further, it is factually incorrect. To the extent that the gist of any of CSC's affirmative defenses have become apparent (for reasons stated below, there are still defenses, the bases for which are unclear despite this purported clarification), conveying the "gist" of the defenses was not based on CSC's pleadings, but only through its later-attempted amendment by its response brief. This is not sufficient to stave off a motion to strike.

### C. Affirmative Defenses 2, 3, 4 and 7 Fail to State Affirmative Defenses.

On the basis of the third prong of the test for sufficiency under Rule 12(f), Cassetica challenged the sufficiency of four of CSC's affirmative defenses. As Cassetica set forth in its opening brief, the Court must look to see if the defense is sufficient under the standard set forth in Rule 12(b)(6). *See* Br. at 4 (citing *LaSalle Nat'l Assn. v. Paramount Properties*, 588 F. Supp. 2d 840, 860 (N.D.

Ill. 2008)). CSC has not contested this point. For certain of the defenses, even though they were pleaded in only a "bare-bones" fashion, there was no way any defense under the stated theory could be pleaded that would satisfy Rule 12(b)(6). For these defenses, Cassetica also moved to dismiss on this ground. The defenses subject to dismissal on this ground were for estoppel, statute of limitations, laches, and *res judicata*.[1] For the reasons stated below with respect to each of these defenses, they should also be stricken for failing to satisfy Rule 12(b)(6).

    1.    *CSC Has Not Pleaded Estoppel Defense, Statute of Limitations, Laches, or Res Judicata.*

CSC alleged as separate affirmative defenses estoppel, statute of limitations, laches, and *res judicata*. In its opening brief, Cassetica separately addressed the deficiencies under the Rule 12(b)(6)-prong of the Rule 12(f) analysis. In its response, CSC has grouped all of these defenses together and stated that each "generally concerns Cassetica's *delay* in pursuing its purported vicarious liability theory against CSC." Resp. at 4 (emphasis added). In its response, CSC has not disputed Cassetica's

---

[1] CSC has responded in support of its "unclean hands" and "acquiescence" defenses, neither of which Cassetica challenged on this ground. It did not because the lack of any specificity made it impossible to know what CSC was claiming. More specificity is required so that Cassetica can challenge these defenses. For example, if CSC is claiming that Cassetica's hands are "unclean" based on a theory of copyright misuse, then Cassetica can challenge such allegations on that basis. Similarly, if there is some other theory, Cassetica can challenge the viability of such a defense as invalid with respect to copyright claims. As it stands, it is not clear what the legal basis is for the "unclean hands" defense, thus forcing Cassetica unfairly to shadow box against vague pleadings.

With respect to acquiescence, it is clear now after CSC's response that the basis is the supposed delay in bringing this suit. On this claimed ground, not only should the defense be stricken, but leave to re-plead should not be granted. In a copyright infringement action, "[t]he plaintiff's acquiescence in the defendant's infringing acts may, if continued for a sufficient period of time and if manifested by overt acts, result in an abandonment of copyright." *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1540 (S.D.N.Y.1991). But the defendant must prove how it will be prejudiced by the plaintiff's unreasonable delay and implicit or explicit assurances. *See, e.g., In re Bohart*, 743 F.2d 313, 326 n. 13 (5th Cir. 1984); *Environmental Defense Fund, Inc. v. Alexander*, 614 F.2d 474, 479 (5th Cir. 1980).

CSC has not only failed to plead overt acts on Cassetica's part that indicate an intent to abandon, but the facts that CSC has alleged all point to vigilance on Cassetica's part in protecting and enforcing its copyrights. CSC admits that it has previously been sued for copyright infringement by Cassetica on prior copyrighted versions of Cassetica's software. Additionally, CSC admits that Cassetica has on numerous occasions accused CSC's employees of copyright infringement on the latest two copyrighted software offerings. Answer ¶ 33. And, it goes without saying that Cassetica has now sued CSC for its employees' direct copyright infringement. In sum, there is nothing in the admitted facts as pleaded that could remotely constitute intent to abandon the Cassetica copyrights, even if further details were provided.

statement of the elements of such defenses. But it also has not shown how its defenses have pleaded those required elements.

### a. CSC Has Not Pleaded an Estoppel Defense.

In its opening brief, Cassetica set forth the six elements necessary to state the defense of estoppel under Illinois law. CSC has not stated how these elements have been pleaded. Thus it has waived objection to Cassetica's motion. *See, e.g., Wojtas v. Capital Guardian Trust Co.* 477 F.3d 924, 926 (7th Cir. 2001) (citing *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) ("A failure to oppose an argument permits an inference of acquiescence and acquiescence operates as waiver.") Moreover, there is no basis for granting leave to re-plead this defense as CSC could not possibly plead reliance on any supposed misstatement of material fact or concealed material fact. CSC is subject only to vicarious liability for the direct copyright infringements of its employees. There are no representations, let alone misrepresentations from Cassetica to CSC.

### b. CSC Has not Pleaded a Statute of Limitations Defense.

CSC has claimed that Cassetica's claims are barred by the statue of limitations, which CSC concedes is three years. Despite only claiming relief for infringement of two copyrights, neither of which existed or was registered with the Copyright Office more than three years ago, CSC points to background allegations concerning its employees' long-standing infringement of Cassetica's copyrights (which are relevant to a willfulness inquiry) as a basis for the defense. Since Cassetica does not claim infringement in this lawsuit for activities more than three years before the complaint was filed, a statute of limitations defense would never be applicable. This defense should be stricken.

### c. CSC Has not Pleaded a Laches Defense.

In its opening brief, Cassetica set forth the elements necessary to state the defense of laches under Illinois law. CSC has not stated how these elements have been pleaded. Thus it has waived objection to Cassetica's motion. *See Cincinnati Ins. Co.*, 260 F.3d at 747. As Cassetica pointed out in its opening brief, CSC has not alleged that it has been harmed by any supposed delay, which is a

9

necessary component of a laches defense. *See, e.g., Teamsters & Employers Welfare v. Gorman Brothers Ready Mix*, 283 F. 3d 877, 880 (7th Cir. 2002); *United States v. Administrative Enterprises, Inc.*, 46 F.3d 670, 672 (7th Cir.1995); *Herman v. City of Chicago*, 870 F.2d 400, 401 (7th Cir.1989); *see also Costello v. United States*, 365 U.S. 265, 282 (1961).

Finally, Cassetica argued that application of the doctrine of laches in a case like this – *i.e.,* where laches would shorten the statutory limitations period – would likely violate the separation of powers doctrine. *See* Br. at 9 (citing *Lyons Partnership, L.P. v. Morris Costumes, Inc.,* 243 F.3d 789 (4th Cir. 2001)). In essence, a laches defense that shortened the statutorily-created limitations period would have the judiciary overruling the duly-elected legislator's designated period in which a suit for damages must be brought. CSC also failed to respond to this argument and has thus waived it.

        d.      CSC Has not Pleaded a *Res Judicata* or Collateral Estoppel Defense.

In its opening brief, Cassetica set forth the elements necessary to state the defense of *res judicata* under Illinois law. Other than to note that the prior lawsuit involved the same parties and a copyright cause of action (on different copyrighted works), CSC has not stated how these elements have been pleaded. CSC does not dispute that no infringement previously claimed in that lawsuit is at issue here. It also does not dispute that the works in question did not exist when the prior lawsuit was filed. Finally, the prior law suit was dismissed on procedural grounds, not on substantive grounds that would be applicable here.[2] Thus, no "issue" was previously litigated in that prior case which will be pertinent here. Notably, CSC did not point to a single issue decided in that case that would have preclusive effect in this case.

---

[2] The prior lawsuit alleged infringement of some registered and some unregistered works. None of those works are at issue here. That suit claimed *only* statutory damages. Such damages were not available for unregistered works. And, regarding works for which infringement began before registration and continued after registration, the Court held that statutory damages were also not available. Here, Cassetica seeks damages for infringement of two new works (neither existed when the prior suit was started) that were only available after they were registered. Thus no issue of continued infringement bridging a pre-and-post registration timeframe is at issue here. Notably, because actual damages weren't claimed in that suit, the Court did not address whether actual damages would have been recoverable.

10

**D.     CONCLUSION**

For the reasons discussed above, the Court should strike each and every affirmative defense contained in Defendant's Answer to Plaintiff's Complaint. Defendant's affirmative defenses fail to satisfy *Twombly* and *Iqbal*. Several of the defenses also would fail regardless of the level of detail that CSC might try to provide, given the law applicable here and the undisputed facts contained in the pleadings. Since all defenses are insufficient, the Court should strike them pursuant to Rule 12(f).

Dated: July 28, 2011                                      Respectfully submitted,

/s/ Michael La Porte

Michael R. La Porte
mrl@fg-law.com
William W. Flachsbart
wwf@fg-law.com
Flachsbart & Greenspoon, LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL 60601-3901
Phone: (312)-551-9500
Fax: (312)-551-9500

Attorneys for Plaintiff,
Cassetica Software, Inc.

## **CERTIFICATE OF SERVICE**

  The undersigned attorney of record certifies that service of the foregoing document has been made on July 28, 2011, via the Court's CM/ECF system based on its electronic filing, under Local Rules 5.5(a)(3) and General Order 09-014 Section X.E. In this manner, service has been made on all attorneys of record in this case.

                /s/ Michael R. La Porte
                Michael R. La Porte